SÁNCHEZ, PLAINTIFF, APPELLANT AND APPELLEE, *v.* HARTZELL ET AL., DEFENDANTS, APPELLEES AND APPELLANTS.

APPEAL from the District Court of Arecibo in an Action of Ejectment, and for Damages.

No. 1681.—Decided July 27, 1918.

EJECTMENT—JURISDICTION.—The plaintiff did not necessarily have to bring his suit in ejectment in the District Court of the United States for Porto Rico because he was dispossessed of his property by an order of that court. The court of general jurisdiction of the district in which the property is situated—in this case that of the district of Arecibo—has jurisdiction of the action.

ID.—NOTICE.—The fact that in recording the sale of the property involved in this case in the name of Frau & Company it was set out in the registry that said sale was made without prejudice to such rights as the law firm of Hartzell & Rodríguez Serra might have to half of the property, without specifying these rights, or whether they referred to the ownership or to any other property right, cannot be considered as constituting a legal notice within the purview of the mortgage system in force in Porto Rico.

ID. — FORCED SALE — STATEMENT OF MARSHAL — ATTACHMENT — PRIVATE CONTRACT.—The property having been previously attached by Frau & Company, the statement of the marshal at the time of the sale with regard to the rights

which Hartzell & Rodríguez Serra might have to one-half thereof could not of itself destroy the rights acquired by Frau & Company by virtue of the attachment.   To maintain successfully that they had acquired the property free of lien Hartzell & Rodríguez Serra would have had to prove that the date of the conveyance by their client to them was prior to that of the attachment, and this they did not do.

ID.—DAMAGES.—After considering the evidence the court concluded that it was sufficient to justify its adjudging that the defendants pay to the plaintiff a certain sum as damages.

The facts are stated in the opinion.

*Messrs. Henry G. Molina* and *Rafael Rivera Zayas* for the plaintiff.

*Messrs. Charles Hartzell* and *M. Rodríguez Serra* for the defendants.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action to recover real property and damages. The plaintiff alleged that he was the owner in fee of a property of 100 acres of land situated in the municipal districts of Ciales and Manatí; that he had been in quiet possession of the property since August 21, 1911, the date on which he purchased the same from Cristóbal Frau, when in January, 1913, he was unlawfully and forcibly evicted at the instance of the defendants, who took possession of the property and still hold it; that while the plaintiff had possession of his property he cultivated it and planted about fifteen acres with tobacco and several acres with bananas and other crops, and that he has suffered damages in the sum of $1,000.   This is a synopsis of the allegations of the plaintiff.

The defendants filed a demurrer, which was finally overruled, whereupon they answered, denying the facts set up in the complaint and alleging as new matter of defense that as a result of a certain suit brought in the federal court Enrique Pousa Parés became the owner of the property in ques tion and conveyed to the defendants, his attorneys, a condominium of one-half of the said property; that they undertook to take possession of their estate and meeting with serious opposition, they obtained from the federal court on September

5, 1912, a writ of possession addressed to the marshal, which was executed on January 2, 1913; that the property had been levied on and later was sold by order of the Municipal Court of Manatí, and that when the sale was made the vendees were advised of the rights of the defendants, their title having been recorded in the registry with such notice. The defendants further allege that the District Court of Arecibo is without jurisdiction because the litigation originated and should be continued in the federal court.

Issue being thus joined, the district court sustained the complaint as to the recovery of the property and dismissed it as to damages. Both parties have appealed to this court.

The question of jurisdiction is not important. As held by the district court, an action of ejectment brought by a person who was not a party to the action begun and disposed of in the federal court is not subject to the jurisdiction of the said court because the eviction was effected by an order of that court. The evicted owner properly sought relief in the court of general jurisdiction of the district in which his property is situated.

An examination of the evidence shows that there is no doubt regarding the identity of the property and the title of ownership held by the plaintiff. The plaintiff acquired the property on August 21, 1911, by purchase from Cristóbal Frau and his title was recorded in the registry on September 12, 1911. Frau, in turn, had acquired the property by purchase from Ramón Castillo on March 11, 1911; Castillo by purchase from Francisco Sánchez Gines on September 3, 1910; Gines, by purchase from Ramón Castillo on July 23, 1909; Castillo by purchase from the firm of Frau & Company, and, finally, Frau & Company by purchase at public sale on February 20, 1907, as the result of an action against Enrique Pousa Parés, from whom the defendants also claim to have taken title. All of the foregoing transfers appear of record in the registry of property.

It was at the time of the sale to Frau & Company that the marshal gave the notice referred to by the defendants in their answer.  But the fact is that the property had been previously levied on in the action against the defendants' client, in which it was finally sold, and the defendants could not acquire from their client more than their client owned.  The burden was on the defendants to show that the transfer was made to them prior to November 30, 1906, the date of the levy, and they failed to do so.  They proved that a certain private grant of one-half of the property made to them by their client, who acquired the whole property by virtue of a judgment rendered in his favor by the federal court, was entered in their names in the books of the said court on December 31, 1906.  The grant was dated August 1, 1906, but the defendants were required to prove the date on which the said grant was actually made, instead of relying solely on the date mentioned in the document.  See sec. 1195, Civil Code.

As to the fact that when the property was recorded in the name of Frau & Company a notice was entered on the registry to the effect that the sale was made without prejudice to such rights as Hartzell & Rodríguez Serra might have to one-half of the property, without specifying their rights or stating whether they referred to ownership or to any other real right, it is obvious, as held by the district court in its opinion, that this cannot be considered as constituting a legal notice.  If the defendants really had any right, it is certain that they never sought to record it in a specific manner in the registry as required by law.  It is not necessary to discuss the case of *Jordán* v. *Gómez,* 18 P. R. R. 149.

The judgment, then, should be affirmed as to the recovery of the property.  We will now take up the question of profits.

The trial court holds in its opinion that the evidence on this point is deficient and confused.  Nevertheless, we have examined it and while we agree that it might have been more specific, still it contains elements which permit of the fixing

of a minimum amount which undoubtedly may be considered as damages really suffered by the plaintiff as a result of the acts of defendants.

Witness Lorenzo Casanovas testified that at the time of the eviction the plaintiff had from tén to twelve acres planted with tobacco which might be valued at $80 to $90 each; that, besides, he had some plantains, bananas and beans planted, and that the property could produce a net profit of from $500 to $600 a year. Another witness, Eulogio Perales, testified that when the plaintiff was dispossessed he had some small crops and from nine to ten acres of tobacco planted. And the plaintiff himself testified that he actually had twelve or thirteen acres planted with tobacco worth $80 each; that six acres belonged to him while of the remainder, which was planted by his tenants, one-half belonged to him; that the value of the small crops would be from $200 to $300, and that the property produced a net profit of from $400 to $500 annually.

This evidence was not rebutted. By reason of the acts of the defendants the plaintiff has been deprived for years of the possession of a property which lawfully belonged to him. At the time of his eviction he had growing on the property crops which he could not harvest. Without calculating what the property could produce, but confining ourselves to the loss from the crops planted, and taking for this an amount which may necessarily be within the evidence, we are of the opinion that the least that justice demands is that the defendants reimburse the plaintiff in the sum of $500.

In view of the foregoing, the judgment appealed from should be reversed as to its pronouncement regarding profits, substituting the same by another allowing damages in the sum indicated.

*Affirmed in part.*

Chief Justice Hernández and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf concurred in the judgment except in so far as it refers to damages.